Filed 7/5/24  P. v. Le CA3

NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099404 |
| Plaintiff and Respondent, | (Super. Ct. No. 04F04866) |
| v. | |
| HUNG DUC LE, | |
| Defendant and Appellant. | |

In 2005, a jury found defendant Hung Duc Le guilty of three counts of attempted murder and found true that he personally used and discharged a firearm as to all three victims.  The jury also found true that defendant discharged the firearm and proximately caused great bodily injury as to the first victim.  The trial court sentenced defendant to a determinate term of 25 years plus an indeterminate term of 25 years to life in prison.

1

In 2022, defendant filed a petition for resentencing under Penal Code section 1172.6.[1]  The trial court denied the petition at the prima facie stage; defendant now appeals.  We shall affirm the trial court's order.

FACTUAL AND PROCEDURAL HISTORY

We take the facts from our prior opinion *People v. Le* (Feb. 28, 2006, C049687) [nonpub. opn.] solely for context.  We do not rely on these facts for our analysis or disposition.  (See § 1172.6, subd. (d)(3); *People v. Lewis* (2021) 11 Cal.5th 952, 972.)

Defendant was a passenger in a car.  In an apparent road rage incident, he fired shots into an adjacent car occupied by four people.  One of the men was struck by a bullet.  A second man sustained serious injuries to both his legs.  (*People v. Le, supra,* C049687.)  Originally, defendant was charged with a codefendant, however, he proceeded to trial on his own.[2]

The trial court instructed the jury using CALJIC Nos. 8.66 and 8.66.1:

"Defendant is accused in Counts One, Two, and Three of having committed the crime of attempted murder, in violation of sections 664 and 187 of the Penal Code.  [¶] Every person who attempts to murder another human being is guilty of a violation of Penal Code sections 664 and 187.  [¶]  Murder is the unlawful killing of a human being with malice aforethought.  [¶]  In order to prove attempted murder, each of the following elements must be proved:  [¶]  1. A direct but ineffectual act was done by one person

---

[1]  Further undesignated statutory references are to the Penal Code.

Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.)  Defendant filed his petition under former section 1170.95; we cite to the current section 1172.6.

[2]  Given that defendant was originally charged with a codefendant and that the jury declined to find defendant caused great bodily harm to two of the three victims, we see no merit in the People's argument defendant is ineligible for relief under the statute because he was the actual perpetrator.

towards killing another human being; and [¶] 2. The person committing the act harbored express malice aforethought; namely, a specific intent to kill unlawfully another human being. [¶] In deciding whether or not such an act was done, it is necessary to distinguish between mere preparation, on the one hand, and the actual commencement of the doing of the criminal deed, on the other. Mere preparation, which may consist of planning the killing or of devising, obtaining, or arranging the means for its commission, is not sufficient to constitute an attempt. However, acts of a person who intends to kill another person will constitute an attempt where those acts clearly indicate a certain, unambiguous intent to kill. The acts must be an immediate step in the present execution of the killing, the progress of which would be completed unless interrupted by some circumstances not intended in the original design. [¶] A person who primarily intends to kill one person, may also concurrently intend to kill other persons within a particular zone of risk. This zone or risk is termed the 'kill zone.' The intent is concurrent when the nature and scope of the attack, while directed at a primary victim, are such that it is reasonable to infer the perpetrator intended to kill the primary victim by killing everyone in that victim's vicinity. [¶] Whether a perpetrator actually intended to kill the victim, either as a primary target or as someone within a 'kill zone' of risk is an issue to be decided by you." The jury was also given the circumstantial evidence instruction CALJIC No. 2.01, which stated, "a finding of guilt as to any crime may not be based on circumstantial evidence unless the proved circumstances are not only (1) consistent with the theory that the defendant is guilty of the crime, but (2) cannot be reconciled with any other rational conclusion."

As relevant to defendant's argument on appeal, the court also instructed the jury using CALJIC 8.11, which contains the definitions of both implied and express malice as related to attempted murder.

The jury found defendant guilty of three counts of attempted murder (§§ 664/187, subd. (a); counts one through three); one count of discharging a firearm at an occupied

3

motor vehicle (§ 246; count four); and three counts of assault with a firearm (§ 245, subd. (a)(2); counts five through seven).  As relevant here, the jury also found that as to count one, defendant personally used a firearm (§ 12022.53, subd. (b)); personally, and intentionally discharged a firearm (§ 12022.53, subd. (c)); and personally, and intentionally discharged a firearm proximately causing great bodily injury (§ 12022.53, subd. (d)).  As to counts two and three, the jury found defendant personally used a firearm (§ 12022.53, subd. (b)), and personally and intentionally discharged a firearm (§ 12022.53, subd. (c)).  (*People v. Le, supra,* C049687.)

The trial court sentenced defendant to a determinate term of 25 years plus an indeterminate term of 25 years to life in prison.  We affirmed that judgment.  (*People v. Le, supra,* C049687.)

In 2022, defendant filed a petition for resentencing pursuant to section 1172.6.  The People opposed the petition, arguing defendant was ineligible for relief because the jury found he had committed attempted murder with express malice without resorting to the natural and probable consequences doctrine.  The People emphasized that, as to all the attempted murder counts, the jury found defendant personally discharged a firearm and as to count one, found that he inflicted great bodily injury by that discharge.  The jury instructions demonstrated the jury was not instructed on the natural and probable consequences doctrine; the People argued the kill zone instruction did not abrogate the jury's findings that defendant had the intent to kill.  Defendant filed a reply arguing he was eligible for relief because the kill zone instruction allowed the jury to impute malice based upon his participation in a separate crime.

The trial court held a hearing and denied defendant's petition.  The court found defendant's conviction was not based on either the natural and probable consequences doctrine or a theory under which malice was imputed solely based on defendant's participation in a crime.

Defendant filed a timely notice of appeal.

4

DISCUSSION

Defendant argues the trial court erred in determining he is ineligible for resentencing under section 1172.6.  We disagree.

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437) amended the felony-murder rule and the natural and probable consequences doctrine "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f).)

Senate Bill No.1437 also added what is now section 1172.6 (Stats. 2018, ch. 1015, § 4; Stats. 2022, ch. 58, § 10).  Senate Bill No. 775 (2021-2022 Reg. Sess.) (Senate Bill No. 775) later expanded persons entitled to relief under section 1172.6.  (Stats. 2021, ch. 551, § 1(a).)  As relevant here, section 1172.6, subdivision (a), now provides, "[a] person convicted of . . . attempted murder under the natural and probable consequences doctrine, may file a petition for resentencing and be resentenced if all of the following conditions apply:  (1) a complaint or information was filed against the petitioner that allowed the prosecution to proceed under a theory of attempted murder under the natural and probable consequences doctrine; (2) the petitioner was convicted of attempted murder following a trial; and (3) the petitioner could not presently be convicted of attempted murder because of changes to Sections 188 and 189 made effective January 1, 2019."

The prima facie inquiry under section 1172.6, subdivision (c) is limited. (*People v. Lewis* (2021) 11 Cal.5th 952, 971.)  The trial court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid*.)  Although the court may rely on the record of conviction in determining whether defendant has made a prima facie showing, it "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972.)

5

We independently review a trial court's determination as to whether a petitioner has made a prima facie showing. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

The relevant convictions here are for attempted murder. The elements of "attempted murder [include] the specific intent to kill and the commission of a direct but ineffectual act toward accomplishing the intended killing." (*People v. Lee* (2003) 31 Cal.4th 613, 623.)

By its plain language, section 1172.6 provides that a person convicted of attempted murder may be eligible for relief only where he or she could be or was convicted "under the natural and probable consequences doctrine." (§ 1172.6, subd. (a); *People v. Coley* (2022) 77 Cal.App.5th 539, 548.) As demonstrated by the jury instructions here, and conceded by defendant, the jury was not instructed on the natural and probable consequences theory, but instead was required to find defendant *personally harbored the intent to kill* to find him guilty of attempted murder. (See CALCRIM Nos. 8.66 and 8.66.1.)

Defendant argues the jury instructions left a path for the jury to find him "guilty of at least two of the attempted murder charges based on a theory akin to natural and probable consequences." He points to the jury instructions concerning the kill zone theory and implied malice.

Unlike the natural and probable consequences doctrine, the kill zone theory does not impute malice to a defendant based solely on that defendant's participation in another crime. Instead, under the kill zone theory, a defendant may be convicted of the attempted murder of an individual who was not the defendant's primary target under certain circumstances. (*People v. Canizales* (2019) 7 Cal.5th 591, 596.)

"[A] jury may convict a defendant under the kill zone theory only when the jury finds that: (1) the circumstances of the defendant's attack on a primary target, including the type and extent of force the defendant used, are such that the only reasonable inference is that the defendant intended to create a zone of fatal harm — that is, an area in

6

which the defendant intended to kill everyone present to ensure the primary target's death — around the primary target and (2) the alleged attempted murder victim who was not the primary target was located within that zone of harm. Taken together, such evidence will support a finding that the defendant harbored the requisite specific intent to kill both the primary target and everyone within the zone of fatal harm." (*People v. Canizales, supra,* 7 Cal.5th at pp. 596-597.)

Here, the jury was specifically instructed that it could find defendant guilty of attempted murder only if it found defendant "harbored express malice aforethought; namely, a specific intent to kill unlawfully another human being." To the extent defendant's convictions for any of the three attempted murders were based on the kill zone theory, the jury was instructed that the prosecutor had to prove beyond a reasonable doubt that defendant not only intended to kill the primary victim, but the reasonable inference was that he also intended to kill everyone in the zone of risk. The jury was further instructed that when relying on circumstantial evidence, it could not find defendant guilty "based on circumstantial evidence unless the proved circumstances are not only (1) consistent with the theory that the defendant is guilty of the crime, but (2) cannot be reconciled with any other rational conclusion." These instructions taken together and coupled with the jury's verdicts lead to the conclusion the jury found the only reasonable inference on the facts was that defendant had the intent to kill all of the people in the kill zone.

Defendant adds that the jury instruction defining express and implied malice, coupled with the kill zone instruction, provided a "path under which at least one juror may have found [defendant] guilty of one or more of the attempted murder charges, without a finding he harbored a specific intent to kill."

In order to convict defendant of attempted murder, the instruction required the jury to find defendant had the specific intent to kill in the form of express malice aforethought -- not implied malice. If the jury based that finding on the kill zone instruction, the jury

had to conclude the defendant had the intent to kill everyone in that zone (i.e., all of the victims), not that he merely discharged a firearm and someone died as a natural and probable consequence of that action. Thus, his liability for attempted murder necessarily required a finding of a specific intent to kill. The fact that there was a definition of implied malice contained within the jury instructions did not leave any path for this jury to convict defendant of attempted murder based on a finding of implied malice.[3]

The jury found defendant had the intent to kill, and the jury could not have imputed that intent to defendant based on any other person or crime. This conclusively contradicts defendant's allegation he could no longer be convicted of attempted murder because of the changes to sections 188 and 189. (See *People v. Curiel* (2023) 15 Cal.5th 433, 465.)

DISPOSITION

The trial court's order is affirmed.


　　　　　　　　　　　　　　　　　　　　/s/_____
　　　　　　　　　　　　　　　　　　　　Duarte, J.

We concur:


/s/_____
Robie, Acting P. J.


/s/_____
Wiseman, J.*

---

[3] We disagree with the People that this argument was forfeited; the substance of the argument was raised in defendant's brief discussing the application of the kill zone instructions to attempted murder.

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8